IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN V. GOUGH, JR. :

   Plaintiff :

v. : CIVIL ACTION NO. DKC-15-3096

CALVERT COUNTY SHERIFF'S OFFICE :
DFC JUSTIN LIVINGSTON
DEPUTY DEAKINS :

   Defendants :

## MEMORANDUM OPINION

On September 21, 2015, Plaintiff John V. Gough, Jr., a resident of the District of Columbia, filed this civil rights action in the United States District Court for the District of Columbia, seeking compensation for physical injury and loss of property occasioned during an encounter with members of the Calvert County Sheriff's Department. (ECF No. 1 and ECF No. 1-1 at 2). That same day, September 21, 2015, Gough's case was transferred here. (ECF No. 3). Gough's motion for leave to proceed *in forma pauperis* was granted. The Calvert County Sheriff's Office was dismissed, and Gough was ordered to supplement his complaint. (ECF No. 6). He has complied, indicating the events outlined in his pleadings occurred on January 8, 2010. ECF Nos. 7 and 8.

**Background**

Gough states that on January 8, 2010, Deputies Livingston and Deakins responded to an alleged stabbing at a residence in Prince Frederick, Maryland. Gough was ordered to come outside. As soon as he got to the first step, he was "suddenly grabbed and thrown to the ground and dragged with my left arm twisted behind my back." (ECF No. 7 at 1). Gough states he incurred serious injuries, including a broken left arm, a shattered right knee, a metal chip in his

eye, a jaw fracture, and a concussion/skull fracture that resulted in seizures and brain damage. (*Id.* at 2 and ECF No. 8 at 3, 6-7). Gough indicates that a stabbing had not in fact occurred.[1] (ECF No. 8 at 6).

## Analysis

The statute of limitations is an affirmative defense that normally must be raised by a defendant, or it is waived. There is an exception to this rule, however, for complaints filed *in forma pauperis*. The Fourth Circuit has held that a statute of limitations defense may be raised *sua sponte* by a district court when such a defense plainly appears on the face of a complaint filed *in forma pauperis*. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953-54 (4th Cir. 1995), *cited in Erline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006).

Gough's encounter with the Deputies occurred in January of 2010. He filed this lawsuit more than five years and nine months after the incident. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to this case. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox*, 529 F.2d at 50. The running of the statute of limitations began on January 8, 2010, the date on which Gough indicates the incident took place. The limitations

---

[1] As a result of the incident, Gough was charged with two counts of first-degree assault, two counts of second-degree assault, one count of concealing a dangerous weapon, one count of concealing a dangerous weapon with intent to injure, one count of reckless endangerment, and one count of failing to obey a lawful order. On March 8, 2010, the two counts of first-degree assault were nolle prossed and judgment of acquittal was entered on the remaining charges. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=2O00040581&loc=16&detailLoc=DSCR.

period for seeking redress under the civil rights statute or under Maryland law for this alleged misconduct expired more than two years before Gough initiated his action in federal court. Accordingly, the Complaint is untimely and shall be dismissed as time-barred.


  November 19, 2015              _____/s/_____
Date                              DEBORAH K. CHASANOW
                                  United States District Judge